GRIFFIN, J.
Petitioner, James Jay Davis, Sr. [“Davis”], seeks a second appeal, claiming that his appellate counsel rendered ineffective assistance. We agree that his counsel rendered ineffective assistance by failing to raise a sentencing error.[1]
Davis was charged by information with two counts of sexual activity with a child by a person in familial or custodial authority (Counts I and II), two counts of lewd, lascivious or indecent acts upon a child (Counts III and V), and one count of lewd, lascivious or indecent act in the presence of a child (Count IV) on August 5, 1993. The information was subsequently amended as to Count II to change the offense to attempted sexual activity with a child by a person in familial or custodial authority. Davis pled guilty to each count and was sentenced to ten years in the Florida Department of Corrections [“DOC”] followed by ten years probation on Count I, and ten years of probation on each of the remaining counts, to run concurrently with each other but consecutive to his prison sentence. Davis’s supervisory term was standard probation, not sexual offender probation. However, as a special condition of his probation, Davis was ordered to successfully complete a sex offender treatment program. Davis completed the prison portion of his sentence on Count I and was released from the DOC on January 9, 1998. Davis was subsequently arrested for violating his probation. On January 17, 2008, the trial court reinstated Davis’s probation, modified the conditions, and added nine months of probation to each count.
A second affidavit of violation of probation was filed on August 29, 2008, and a hearing on the violation was held, after which the trial court found Davis in violation of his probation. Davis was sentenced to seventeen years in DOC, followed by ten years of probation on Count I and fifteen years of incarceration on the remaining counts to run concurrently with his sentence on Count I. Davis’s probation on Count I included “[standard sex offender conditions 14 through 30” pursuant to section 948.30, Florida Statutes (2006). Davis appealed, raising only an issue concerning the sufficiency of the evidence to prove that his violation was willful and substantial. Davis’s convictions and sentences were affirmed per curiam by this Court on June 23, 2009. See Davis v. State, 12 So.3d 237 (Fla. 5th DCA 2009).[2]
*1016 On October 15, 2010, Davis filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 8.800(a), asserting that sexual offender conditions 14 through 30 were illegally imposed because his offenses were committed prior to the effective date of the relevant statute and the conditions themselves were never announced during the hearing.
In denying the motion, the trial court agreed that the conditions were “not statutorily-authorized,” but the trial court found that, by failing to raise his claim in a Rule 3.800(b) motion prior to, or during, the pendency of his direct appeal, the error was not preserved. Davis appealed, and this Court per curiam affirmed. Davis v. State, 65 So.3d 1064 (Fla. 5th DCA 2011). Davis now seeks a belated appeal based on appellate counsel’s failure to raise the imposition of standard sex offender conditions of probation 14-30 as error in his appeal. In response to this Court’s order to show cause directed to the State, the State does not dispute Davis’s ineffective assistance claim, saying only that this Court should “fashion any remedy it sees fit.” Accordingly, we grant the petition and remand with instructions to amend the sentencing order by removing the invalid probation conditions.
Writ GRANTED; REMANDED to remove probation conditions.
ORFINGER, C.J. and PALMER, J., concur.

. We find no merit to the claim related to the testimony of Sonya Taylor.

. On February 11, 2010, Davis filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). In the motion, Davis alleged that his sentence was illegal. On April 26, 2010, the trial court granted relief and changed Davis's sentence for Count I to seventeen years in the Florida *1016 Department of Corrections followed by 2 years and 4½ months of probation.