SILBERMAN, Chief Judge.
Raymond William Driscoll seeks review of an order denying his motion to clarify and/or modify the conditions of his probation. Driscoll argues that the trial court erred in ruling that he was subject to probationary conditions set forth in section 948.30(1), Florida Statutes (2010), because his offenses were committed before its effective date. We agree and reverse.
In April 1997, Driscoll entered a guilty plea to eight sex offenses dating from October 17, 1994, to March 6, 1995, in violation of section 800.04, Florida Statutes (Supp.1994). The court sentenced him to eighteen years in prison followed by twenty years of probation. The court also designated Driscoll as a sexual predator and imposed several special conditions of probation.
Driscoll served his prison sentence and was placed on probation in 2010. In October 2011, Driscoll filed a motion to clarify and/or modify his probation in which he asserted that, in addition to the special conditions of probation imposed at his sentencing hearing, probation officials were requiring him to comply with the standard conditions of probation set forth in section 948.30(1). Driscoll argued that section 948.30(1) did not apply to him because his crimes were committed before the statute’s effective date. The trial court denied his motion and concluded that Driscoll was subject to the conditions of probation set forth in section 948.30(1) due to his continuing status as a sexual predator.
Section 948.30(1), which sets forth mandatory conditions of probation for defendants convicted of certain sex offenses, was enacted in 1995.[1] See ch. 95-283, § 59, at 2688-90, Laws of Fla. The statute expressly states that it applies to “probationers or community eontrollees whose crime was committed on or after October 1, 1995, and who are placed under supervision for violation of chapter 794, s. 800.04, s. 827.071, s. 847.0135(5), or s. 847.0145.” § 948.30(1), Fla. Stat. (2010).
Under the plain language of section 948.30(1), the probation conditions set forth therein are not statutorily authorized as standard conditions for offenders who committed their crimes before October 1, 1995. See Davis v. State, 76 So.3d 1014, 1016 (Fla. 5th DCA 2011). Therefore, *947 when these conditions are not orally imposed as special conditions at the time of sentencing for crimes committed before October 1, 1995, they are not applicable. See id. Thus, Driscoll is not subject to the probation conditions under section 948.30(1) that were not orally imposed as special conditions at his original sentencing hearing. We reverse the order denying Driscoll’s motion to clarify and/or modify the conditions of his probation and remand for further proceedings consistent with this opinion.
Reversed and remanded.
DAVIS and CRENSHAW, JJ., Concur.

. Section 948.30(1) was originally created as section 948.03(5), Florida Statutes (1995). See ch. 95-283, § 59, at 2688-90, Laws of Fla. The differences between the original statute and the 2010 version in effect when Driscoll was placed on probation are not material to our analysis.